UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHEILA FINCH,<br>    Plaintiff,<br><br>v.<br><br>TOOHER, WOCL & LEYDON, LLC,<br>and TOOHER & WOCL, LLC,<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO.<br>:  3:10-cv-713 (CFD)<br>:<br>:<br>:<br>: |

## RULING ON MOTION TO DISMISS

On May 23, 2008, plaintiff Sheila Finch's son, James Avalone, was arrested in Stamford, Connecticut. In an attempt to conceal drugs from the police, Avalone ingested the morphine and methadone tablets he was carrying. Avalone died of the overdose in his cellblock at the Stamford Police Department that day. On May 28, 2008, Finch signed an agreement with Tooher, Wocl & Leydon ("the firm") who agreed to investigate the case and, if appropriate, file a civil suit against the Stamford Police Department relating to the death of her son. The firm never brought a lawsuit, and Finch hired a second lawyer, John Williams. With her new counsel, Finch filed this action for legal malpractice and breach of contract against the firm on May 10, 2010, and also a suit against the City of Stamford for violating the civil rights of James Avalone in connection with his death. Finch v. Stamford, No. 3:10-cv-748 (D.Conn.) (Kravitz, J.)[1]

The firm moves to dismiss this legal malpractice and breach of contract suit pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The firm argues the court lacks subject matter jurisdiction because these claims are not justiciable. First, the firm argues Finch lacks

---

[1] In the underlying suit before Judge Kravitz, the defendant City of Stamford has filed an answer to the amended complaint, but has not yet filed a motion to dismiss or other dispositive motion. The scheduling order for that case indicates that discovery is to conclude July 1, 2011, dispositive motions are due by August 1, 2011, and it should be trial ready September 1, 2011. Case Management Order 1-2, July 29, 2010, ECF No. 15.

standing to bring this suit, since she was not yet designated the administratrix of her son's estate at the time this suit was filed. Second, the firm argues these claims are not yet ripe for review, because until the underlying suit pending in this district before Judge Kravitz is resolved, Finch will not be able to establish causation and damages.

Because Finch has amended her complaint in the underlying case to allege that she is the administratrix of her son's estate, she has standing to bring that suit. Therefore, she has likely standing in this case to allege that the firm's failure to investigate her case and file suit caused her damages. Also, because Finch has suffered additional damages by having to retain her present counsel in place of the firm, she has standing in her individual capacity to bring this malpractice suit.[2]

Although the resolution of the case before Judge Kravitz may have an impact on the quantity of damages Finch may be able to recover from the firm, this suit is nevertheless still ripe for review now. The Connecticut Supreme Court, in Mayer v. Biafore, Florek and O'Neill, noted that while "all legal malpractice cases are based on underlying rights," to "require that the underlying dispute as to those rights, in all cases, must be completely resolved prior to bringing a malpractice action would unduly restrict the plaintiff's remedy against the allegedly negligent lawyer." Mayer, 245 Conn. 88, 92 (1998). Connecticut appellate courts have since limited the scope of Mayer, but have done so when the underlying dispute involves primarily questions of fact. See Fontanella v. Marcucci, 89 Conn.App. 690 (2005) (dismissing a legal malpractice case

---

[2]At oral argument on this motion, Attorney Williams represented that he was paid a retainer to represent Finch, while her prior alleged contract with the firm was on the basis of a contingency fee. See New Falls Corp. v. Lerner, 3:05-cv-1716, 2006 WL 2801459 at *2 (D. Conn. Sept. 28, 2006) (Underhill, J.) (holding that when a plaintiff had to spend money on attorneys' fees in an additional litigation she pursued to recover on her original claim, her damages are "present damages," and the case is ripe for judicial review).

as unripe because the underlying suit was a fact-intensive product liability case).  A central question in this case will be whether or not Finch was damaged by the firm's alleged failure to provide the city of Stamford notice of intent to sue under Conn. Gen. Stat. § 7-465 within six months, as required by that statute, and that, at the least, is a mixed question of law and fact. Therefore, the court believes that as in <u>Mayer</u>, Finch's legal malpractice suit may proceed despite the pendency of the underlying case against the city of Stamford.

For the reasons set forth above, the defendant's motion to dismiss [Dkt. # 13] is DENIED.

SO ORDERED  this   28th   day of December 2010, at Hartford, Connecticut.


    /s/ Christopher F. Droney
CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE